UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARJORIE MARY ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 17-4977** |
| **PATRICIA BRISTER ET AL.** | **SECTION: "H"(1)** |

## ORDER AND REASONS

Before the Court is Plaintiffs' Motion for Reconsideration (Doc. 130). For the following reasons, the Motion is DENIED.

## BACKGROUND

The facts of this matter have been detailed in other rulings, and this Court need not repeat them here. In ruling on Defendants' Motion for Summary Judgment, this Court held, among other things, that Plaintiffs failed to establish an equal protection claim.[1] Plaintiff now asks this Court to reconsider that holding.

---
[1] Doc. 123.

1

## LEGAL STANDARD

A Motion for Reconsideration of an interlocutory order is governed by Federal Rule of Civil Procedure 54(b), which states that: "[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." "Under Rule 54(b), 'the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'"[2] "'[T]he power to reconsider or modify interlocutory rulings is committed to the discretion of the district court, and that discretion is not cabined by the heightened standards for reconsideration' governing final orders."[3]

## LAW AND ANALYSIS

In dismissing Plaintiffs' equal protection claim on summary judgment, the Court stated:

> This Court holds then that Plaintiffs' equal protection claim likewise sounds in selective enforcement. To succeed on a "class of one" selective enforcement equal protection claim, Plaintiffs must show (1) that they were intentionally treated differently from others similarly situated, (2) that there is no rational basis for the difference in treatment,[4] and (3) that the "government official's

---

[2] Austin v. Kroger Texas, L.P., No. 16-10502, 2017 WL 1379453, at *9 (5th Cir. 2017) (quoting Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 185 (5th Cir. 1990)).

[3] *Id.* (quoting Saint Annes Dev. Co. v. Trabich, 443 Fed. Appx. 829, 831–32 (4th Cir. 2011)).

[4] Vill. of Willowbrook v. Olech, 528 U.S. 562, 564 (2000).

acts were motivated by improper considerations, such as race, religion, or the desire to prevent the exercise of a constitutional right."[5] Defendants allege that Plaintiffs cannot succeed on any of these prongs. Because this Court finds that Plaintiffs cannot succeed on the third prong, it need not address the others.

To prove the third prong of improper animus, "it must be shown that the selective enforcement was deliberately based upon an unjustifiable standard such as race, religion, or other arbitrary classification."[6] Plaintiffs have not shown this. Plaintiffs assert that Defendant Paul Carroll lied and misled Plaintiffs regarding the fill on their neighbors' property to cover up his own mistake in erroneously approving the fill plan and save himself professional embarrassment or negative employment consequences. They allege that such an improper motive is sufficient to satisfy this prong. Even assuming these facts are true, however, they do not show that Defendants treated Plaintiffs differently because of their race, religion, or other arbitrary classification. Accordingly, Plaintiffs have not created a material issue of fact as to this prong and cannot establish a constitutional violation. Because Plaintiffs have failed to establish an equal protection claim, "we need not address the second prong (defendants' objective reasonableness) for qualified-immunity analysis."[7] Defendants are entitled to qualified immunity on Plaintiffs' equal protection claims against them in their individual capacities.

Plaintiffs now thoughtfully argue that this Court applied an unduly narrow standard to the third prong of their claim. Plaintiffs argue that Fifth Circuit case law does not require a showing that Plaintiffs were treated differently because of their "race, religion, or other arbitrary classification." Rather, they argue that they need only show that the "defendant deliberately sought to deprive [them] of the equal protection of the laws for reasons of a

---

[5] Bryan v. City of Madison, Miss., 213 F.3d 267, 277 (5th Cir. 2000).
[6] Beeler v. Rounsavall, 328 F.3d 813, 817 (5th Cir. 2003).
[7] Porter v. Valdez, 424 F. App'x 382, 388 (5th Cir. 2011).

3

personal nature unrelated to the duties of the defendant's position."[8] Even assuming that Plaintiffs' interpretation of Fifth Circuit case law is correct, however, this Court is not compelled to alter its holding.

In seeking reconsideration, Plaintiffs rely on the Fifth Circuit's ruling in *Shipp v. McMahon*.[9] In *Shipp*, the plaintiff alleged that she was being abused by her husband, the son of a sheriff's deputy, and that the sheriff's office had failed to protect her. She brought a § 1983 class-of-one equal protection claim. The Fifth Circuit stated that:

> In *Village of Willowbrook v. Olech*, 528 U.S. 562, 120 S.Ct. 1073, 1074–75, 145 L.Ed.2d 1060 (2000), the Court held that the Equal Protection Clause can give rise to a cause of action on behalf of a "class of one" even when the plaintiff does not allege membership in a protected class or group. To state a claim sufficient for relief, a single plaintiff must allege that an illegitimate animus or ill-will motivated her intentionally different treatment from others similarly situated and that no rational basis existed for such treatment. *Id.* . . . Applying the rationale of *Olech*, the Seventh Circuit addressed the consequences of unequal police protection under the Equal Protection Clause. The court reasoned that in the unusual setting of "class one" equal protection cases alleging unequal police protection, demonstrating that the unequal police protection had no rational basis requires a plaintiff to "present evidence that the defendant deliberately sought to deprive him of the equal protection of the laws for reasons of a personal nature unrelated to the duties of the defendant's position." *Hilton v. City of Wheeling*, 209 F.3d 1005, 1008 (7th Cir. 2000).[10]

In applying this standard to the facts before it, the Fifth Circuit held that:

---

[8] Doc. 130 (quoting Shipp v. McMahon, 234 F.3d 907, 916 (5th Cir. 2000), *overruled on other grounds by* McClendon v. City of Columbia, 305 F.3d 314 (5th Cir. 2002)).

[9] *Shipp*, 234 F.3d at 916.

[10] *Id.*

> It is undisputed that Betty Shipp's son engaged in reprehensible behavior against her daughter-in-law that finally resulted in law enforcement and judicial intervention. It is not improbable that Betty Shipp developed some animosity against her daughter-in-law during her volatile relationship with [her son, Dalton,] or after Shipp fled when Dalton's escalated abuse prompted criminal charges against him. If deputy Betty Shipp did foster ill-will against her daughter-in-law that ultimately influenced the level of protection Shipp received from the WPSO, Shipp may be able to establish an unequal police protection claim within the framework elucidated in *Village of Willowbrook v. Olech*. As such, the district court should allow Shipp to amend her complaint accordingly.[11]

This Court reads *Shipp*, and the cases citing *Shipp* and relied upon by Plaintiffs, as requiring a finding that the defendant acted with some ill-will or personal vindictiveness *toward the plaintiff*.[12] There are no such facts in this case. Here, Plaintiffs allege that Carroll and his supervisors acted with the improper motive of self-interest and self-preservation. There are no facts before this Court that Defendants had any ill-will or animus towards Plaintiffs in particular. There are not even facts indicating that Defendants deliberately sought to deprive Plaintiffs of their constitutional rights. Instead, the facts of this case, when viewed in a light most favorable to Plaintiffs, indicate only that Defendants sought to protect themselves at the expense of Plaintiffs. Plaintiffs have not cited this Court to any case where such a motive is sufficient to establish a selective enforcement equal protection claim. Indeed, Plaintiffs have not cited this Court to any Fifth Circuit case finding a selective

---

[11] *Id.* at 916–17.
[12] The Court finds it telling that the Fifth Circuit in *Shipp* could have found that Betty Shipp's improper motive was a desire to protect her son. Instead, it looked for an ill-will toward her daughter-in-law.

enforcement, class-of-one equal protection claim on a basis other than ill-will toward the plaintiff.[13] Accordingly, this Court declines to find an improper motive here and subsists in its holding that Plaintiffs have failed to state an equal protection claim.

## CONCLUSION

For the foregoing reasons, the Motion is DENIED.

New Orleans, Louisiana this 30th day of May, 2019.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**

---

[13] *See* Mata v. City of Kingsville, TX, 275 F. App'x 412, 416 (5th Cir. 2008) (holding that "there is no evidence that illegitimate animus or ill will motivated the" disparate police protection even where it was "conceivable that members of the police department may have harbored ill will towards [Plaintiff] since [her husband] was employed as an officer of the department"); Kelley v. City of Wake Vill., Texas, No. 5:04CV137, 2007 WL 654323, at *8 (E.D. Tex. Feb. 27, 2007), aff'd, 264 F. App'x 437 (5th Cir. 2008) (holding that the fact that officers told plaintiff that if she did not stop calling them to report domestic violence, they would take her children was insufficient to show "that the defendant deliberately sought to deprive [her] of the equal protection of the laws for reasons of a personal nature unrelated to the duties of the defendant's position"). *See also Olech*, 528 U.S. at 563 (discussing that "state action was motivated solely by a spiteful effort to 'get' [plaintiff] for reasons wholly unrelated to any legitimate state objective"); Bastida v. LeBlanc, 372 F. App'x 443, 444 (5th Cir. 2010) (holding that plaintiff "has not established that he was treated differently as a result of 'illegitimate animus or ill-will' or that the different treatment was intentional"); Sheffield v. Trevino, 207 F. App'x 403, 405 (5th Cir. 2006) (holding that defendant's motivation was "a belief that [plaintiff] had been convicted of compelling prostitution" not an illegitimate animus or ill-will).

6